IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2019

**STATE OF TENNESSEE v. RODGER E. BROADWAY**

**Appeal from the Criminal Court for Knox County**
**No. 73375    Steven W. Sword, Judge**

_____

**No. E2018-01033-CCA-R3-CD**

_____

The Defendant, Rodger E. Broadway, pleaded guilty to first degree felony murder, especially aggravated robbery, and aggravated rape and received an effective sentence of life without the possibility of parole. Fifteen years after his sentencing, he filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 alleging that his sentences were illegal because (1) the State failed to file the notice of its intent to seek life imprisonment without the possibility of parole and (2) the judgment forms for his remaining convictions reflect a standard offender classification with a 100% service requirement as a violent offender. The trial court summarily dismissed the motion on the basis that it failed to state a colorable claim. On appeal, the Defendant contends that the trial court erred by summarily denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Rodger E. Broadway, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

The Defendant's convictions relate to an August 20, 2001 incident, after which he was indicted for four counts of first degree felony degree murder, one count of premeditated murder, one count of especially aggravated robbery, four counts of aggravated rape, four counts of aggravated burglary, and one count of felony theft. On January 29, 2002, the district attorney general filed a notice of the intent to seek the death

penalty, relying on four statutory aggravating factors. *See* T.C.A. § 39-13-204(i)(2), (5)-(7) (2003) (amended 2008, 2008, 2010, 2011).

On April 22, 2003, the Defendant pleaded guilty to first degree felony murder, especially aggravated robbery, and aggravated rape. In his present motion, the Defendant referred to an unsigned waiver of a trial by jury and request for the acceptance of a guilty plea. The waiver, which was attached to the motion, reflects that the Defendant "understand[s]" the fifteen charges alleged in the indictment and the State's intent to seek a sentence of death and that the sentencing recommendations to the trial court were concurrent service of life without the possibility of parole for first degree felony murder committed during the commission of a burglary and twenty-five years each for especially aggravated robbery and aggravated rape. The waiver states that the Defendant "understand[s]" the trial court was not bound by the recommendations. The guilty plea hearing and sentencing transcripts are not attached to the motion for relief and are not included in the appellate record.

On May 11, 2018, the Defendant filed the present motion to correct illegal sentences. Relative to his first degree felony murder conviction, he argued that the State failed to file a notice of its intent to seek a sentence of life imprisonment without the possibility of parole, rendering his sentence illegal. He stated that he was only informed that he could receive a death sentence or life imprisonment, that trial counsel did not inform him of the sentencing recommendations contained in the waiver form, and that the sentencing judge did not inquire whether he understood the possible sentencing outcomes upon his guilty pleas. Relative to his especially aggravated robbery and aggravated rape convictions, he argued that the judgment forms improperly reflect a standard offender classification and a 100% service requirement as a violent offender, rendering his sentences illegal. The trial court summarily dismissed the motion on the basis that the Defendant failed to state a colorable claim. This appeal followed.

The Defendant argues that the trial court erred by summarily dismissing his motion for relief, and on appeal, he raises the same arguments contained in his motion. The State responds that the court did not err by summarily dismissing the motion. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides:

> (a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each

-2-

judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b)(1) Notice of any motion filed pursuant to this rule shall promptly be provided to the adverse party. The adverse party shall have thirty days within which to file a written response to the motion.

(2) The court shall review the motion, any response, and, if necessary, the underlying record that resulted in the challenged judgment order. If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion.

(3) If the motion states a colorable claim that the unexpired sentence is illegal, the court shall determine if a hearing is necessary. If the court, based on its review of the pleadings and, if necessary, the underlying record, determines that the motion can be ruled upon without a hearing, it may do so in compliance with subdivision (c) of this rule. If the court determines that a hearing is necessary, and if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant. The court then shall promptly hold a hearing on the motion.

(c)(1) With or without a hearing, if the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) With or without a hearing, if the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) With or without a hearing, if the court determines that the illegal sentence was entered pursuant to a plea agreement, the court shall

determine whether the illegal aspect of the sentence was a material component of the plea agreement.

(A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

(C) If the illegal aspect was a material component of the plea agreement and the illegal aspect was not to the defendant's benefit, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal aspect was a material component of the plea agreement and was not to the defendant's benefit, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(d) In any case in which the trial court failed to impose a statutorily required sentence of community supervision for life in conjunction with imposing a non-plea-bargained sentence, the state may file a motion under this rule to correct the omission. Any motion filed pursuant to this subdivision (d) must be filed no later than ninety days after the sentence imposed in the judgment order expires.

(e) An order granting or denying a motion filed under this rule shall set forth the court's findings of fact and conclusions of law as to the matters alleged in the motion.

(f) Upon the filing of an amended uniform judgment document in those proceedings in which the court grants a motion filed under this rule, or upon the filing of an order denying a motion filed under this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

## A. Life Imprisonment Without the Possibility of Parole

The record reflects that on January 29, 2002, the State filed a notice of its intent to seek the death penalty, arguing that four statutory aggravating factors supported the imposition of a death sentence. A separate notice relative to life imprisonment without the possibility of parole is not included in the record. However, Tennessee Code Annotated section 39-13-208(a) (2018) states that written notice that the State intends to seek a sentence of death "constitute[s] notice that the state also intends to seek, as a possible punishment, a sentence of imprisonment for life without the possibility of parole." *See State v. Gilliland*, 22 S.W.3d 266, 275 (Tenn. 2000). The State's notice relative to the death penalty was sufficient, and a separate notice was not required. As a result, the Defendant's sentence is not illegal, and he is not entitled to relief on this basis.

## B. Standard Offender and 100% Service Requirement

The record reflects that the Defendant was sentenced as a Range I, standard offender for especially aggravated robbery and aggravated rape. Offender classifications include standard, multiple, persistent, and career and are based upon a defendant's previous criminal convictions. *See* T.C.A. §§ 40-35-105, -106, -107, -108 (2018). The judgment forms reflect that based upon the Defendant's previous convictions, the Range I, standard offender classification applied, and the Defendant does not dispute his offender classification. Especially aggravated robbery and aggravated rape are Class A felonies. *See id*. §§ 39-13-403(b); 39-13-502(b) (2018). A Range I sentence for a Class A felony is not less than fifteen years and no more than twenty-five years. *See id.* 40-35-112(a)(1) (2018). The Defendant received twenty-five years for each conviction, which are within the appropriate sentencing range.

Generally, offenses for which a standard offender is convicted require 30% service of the sentence imposed before becoming eligible for release. *See id.* § 40-35-501(c) (2018) ("Release eligibility for each defendant sentenced as a Range I standard offender shall occur after service of thirty percent (30%) of the actual sentence imposed less sentence credits earned and retained by the defendant."). However, a person committing especially aggravated robbery and aggravated rape "shall serve one hundred percent

-5-

(100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits . . . shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." *Id.* § (i)(1), (2)(E), (2)(F) (2003) (amended 2006, 2007, 2009, 2010, 2012, 2013, 2014, 2015, 2016). As a result, the judgment forms properly reflect the 100% service requirement for these convictions. The sentences are not illegal, and the Defendant is not entitled to relief on this basis.

We conclude that the trial court did not err by summarily dismissing the petition because no illegality exists in the sentences imposed.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE